**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN RE BRADFORD J. MARTIN,
Debtor.

No. 3:20-cv-939 (SRU)

PAT LABBADIA III,
Appellant,

v.

BRADFORD J. MARTIN,
Appellee.

**ORDER**

The case underlying this appeal is an adversary proceeding relating to Bradford J. Martin's Chapter 7 bankruptcy case. Pat Labbadia III initiated the adversary proceeding, and he has appealed three orders of United States Bankruptcy Judge Ann M. Nevins relating to that proceeding. First, Labbadia appeals from Judge Nevins's August 2, 2019 order that granted in substantial part Martin's motion to dismiss Labbadia's complaint. Second, Labbadia appeals from Judge Nevins's May 28, 2020 order, in which Judge Nevins ruled in favor of Martin after a trial and entered judgment for Martin. Third, Labbadia appeals from Judge Nevins's June 22, 2020 order denying Labbadia's motion seeking an altered and/or amended judgment and a new trial.

Timing is everything. Labbadia was required to file a notice of appeal in the bankruptcy court "within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The parties agree that the 14-day clock started ticking on June 22, 2020. Labbadia filed his notice of appeal on July 7, 2020. The parties disagree about whether July 7

was 14 days or 15 days after June 22, within the meaning of the Federal Rules of Bankruptcy Procedure. If it was 14 days, I have jurisdiction to hear Labbadia's appeal. If it was 15 days, I do not. Because on Monday, July 6, 2020 the Bankruptcy Court's clerk's office was "inaccessible" within the meaning of Fed. R. Bankr. P. 9006(a)(3), I hold that July 7 was 14 days after June 22, and so I have jurisdiction to hear Labbadia's appeal. Thus, Martin's motion to dismiss for lack of jurisdiction, doc. no. 6, is **denied**.

## I. Standard of Review

A federal district court has jurisdiction to hear appeals of "final judgments, orders, and decrees" of the bankruptcy court in the same district. *See* 28 U.S.C. § 158(a). When reviewing bankruptcy appeals, the district court reviews conclusions of law *de novo* and applies the clearly erroneous standard to findings of fact. *See In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings." *In re White*, 2017 WL 5501487, at *1 (D. Conn. Nov. 16, 2017) (citing former Fed. R. Bankr. P. 8013) (cleaned up).

Federal Rule of Bankruptcy Procedure 9006 governs the computation of time in bankruptcy cases. *See* Fed. R. Bankr. P. 9006(a) ("The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time."); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods."). A party seeking to appeal from a bankruptcy court's order must file "a notice of appeal . . . with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). That 14-day period includes Saturdays, Sundays, and legal holidays, except that "if

the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1). "[I]f the clerk's office is inaccessible . . . on the last day for filing . . . , then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(3).

"[T]he time limit prescribed by Rule 8002(a) is jurisdictional," and so "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal." *In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)) (cleaned up). "As the party seeking to invoke the court's jurisdiction, the appellant bears the burden to establish that jurisdiction." *In re Kwong*, 2017 WL 1479419, at *1 (D. Conn. Apr. 24, 2017) (citing *Thompson v. Cty. of Franklin*, 15 F.3d 245, 249 (2d. Cir. 1994)).

## II. Background

In 2013 and 2014, Labbadia represented Martin in divorce proceedings. *See* Post-Trial Mem. of Decision, Doc. No. 1-2, at 7. Martin did not pay the full amount of Labbadia's attorneys' fees. *See id.* at 7–11. In June 2014, Labbadia sued Martin in state court to recover the balance of those attorneys' fees. *See id.* at 11.

On October 1, 2018—before the conclusion of the state court litigation—Martin filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. *See id.* at 5. On January 8, 2019, Labbadia filed the underlying adversary proceeding, which sought, in relevant part, (1) a determination that the attorneys' fees that Martin owed to Labbadia were non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and (2) a more general denial of Martin's

Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(4)(A).  *See id.* at 2.  On March 8, 2019, the Chapter 7 Trustee filed a report of no distribution.  *See id.* at 15.

On August 2, 2019, Judge Nevins granted Labbadia's motion to amend his complaint and granted in part and denied in part Martin's motion to dismiss Labbadia's complaint.  *See* Order, Bankr. Doc. No. 81; Mem. of Decision, Doc. No. 1-3.  Trial proceeded on the complaint's remaining counts on December 16 and 19, 2019.  *See* Post-Trial Mem. of Decision, Doc. No. 1-2, at 4.  On May 28, 2020, Judge Nevins issued a post-trial memorandum of decision and entered judgment in Martin's favor.  *See* Judgment, Doc. No. 1-1; Post-Trial Mem. of Decision, Doc. No. 1-2.  On June 11, 2020, Labbadia filed a motion to amend findings under Fed. R. Bankr. P. 7052 and to amend the judgment pursuant to Fed. R. Bankr. P. 9023.  *See* Mot. to Dismiss, Doc. No. 6, at 3.  Also on June 11, 2020, Labbadia filed a motion for an extension of time within which to file an appeal.  *See id.*  On June 22, 2020, Judge Nevins denied Labbadia's motion to amend findings and the judgment.  *See* Order, Doc. No. 1-4.  Also on June 22, 2020, pursuant to Fed. R. Bankr. P. 8002(d), Judge Nevins granted Labbadia's motion for extension of time and ordered that Labbadia was "afforded an additional fourteen (14) days from the date of this Order to file a notice of appeal."[1]  Order, Doc. No. 1-5, at 3.

---

[1] In my view, although it is a moot point, that 14-day extension of time was superfluous.  If a party filed in the bankruptcy court a timely motion pursuant to Fed. R. Bankr. P. 7052 or Fed. R. Bankr. P. 9023, then "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion."  Fed. R. Bankr. P. 8002(b)(1).  On June 11, 2020, Labbadia timely filed motions pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9023.  *See* Mot. to Dismiss, Doc. No. 6, at 3.  On June 22, 2020, Judge Nevins denied those motions.  *See* Order, Doc. No. 1-4.  Thus, by operation of the Federal Rules of Bankruptcy Procedure, the 14-day clock for filing an appeal started ticking on June 22.  Also on June 22, 2020, Judge Nevins granted Labbadia's motion for an extension of time to file a notice of appeal and ordered that Labbadia was "afforded an additional fourteen (14) days from the date of this Order to file a notice of appeal."  *See* Order, Doc. No. 1-5.  Because, in my view, the Federal Rules of Bankruptcy Procedure already afforded Labbadia those 14 days as a matter of right, Judge Nevins's order was superfluous.

Labbadia filed a notice of appeal on July 7, 2020. *See* Certification of Service, Doc. No. 1, at 6; Mot. to Dismiss, Doc. No. 6, at 3. The notice of appeal was transferred to me on July 8, 2020. *See* Notice of Appeal, Doc. No. 1.

**III. Discussion**

The only issue currently before me is whether I have subject matter jurisdiction over this appeal. The answer to that question depends on (1) whether July 6, 2020 was a "legal holiday" within the meaning of the Federal Rules of Bankruptcy Procedure, and, if not, (2) whether, on July 6, 2020, the Bankruptcy Court's clerk's office was "inaccessible" within the meaning of Federal Rule of Bankruptcy Procedure 9006(a)(3). In my view, July 6, 2020 was not a legal holiday, but the clerk's office was "inaccessible" on that day, and so Labbadia's motion was timely filed on July 7, 2020.

A. Legal Holiday

Labbadia claims that his notice of appeal was timely filed because July 6, 2020 was a legal holiday, and so the deadline automatically extended to the next day, July 7. *See* Obj., Doc. No. 9, at 1. Labbadia points out that the U.S. District Court for the District of Connecticut was closed on both Friday, July 3 and Monday, July 6 in observance of Independence Day. *See id.* at 4; *see also Court Holidays*, U.S. District Court for the District of Connecticut, http://www.ctd.uscourts.gov/court-info/court-holidays (last visited Sept. 4, 2020). Labbadia concludes that Monday, July 6 was a "court holiday" and a "legal holiday." *Id.* at 5. Thus, because the last day of the period to appeal was a "legal holiday," the period continued to "run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which was Tuesday, July 7, the day when Labbadia filed his notice of appeal. *Id.* Labbadia submits that, even if he is incorrect, I should grant him a one-day extension of time *nunc pro tunc* because his

failure to timely file was due to "excusable neglect." *See id.* at 7 (citing Fed. R. Civ. P. 6(b)(1)(B)).[2]

Martin disagrees and argues that July 6 was not a "legal holiday" within the meaning of the Federal Rules of Bankruptcy Procedure. *See* Reply, Doc. No. 10, at 1. Under Fed. R. Bankr. P. 9006(a)(6), a "legal holiday" includes:

> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
>
> (B) any day declared a holiday by the President or Congress; and
>
> (C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located . . . .

Fed. R. Bankr. P. 9006(a)(6). When a "legal holiday" falls on a Saturday (as did July 4, 2020), the "day set aside by statute for observing" that day is the *preceding Friday*. *See* 5 U.S.C. § 6103(b)(1); *see also* Conn. Gen. Stat. § 1-4. So, Martin argues, the "legal holiday" in observation of Independence Day this year was Friday, July 3, 2020. *See* Reply, Doc. No. 10, at 3.

I agree with Martin for the reasons he articulates. In addition, I note that Monday, July 6 was also not a Connecticut state holiday. *See Legal State Holidays*, State of Connecticut, https://portal.ct.gov/About/Legal-State-Holidays (last visited Sept. 4, 2020). Thus, to the extent that Labbadia argues that his filing was timely because Monday, July 6 was a "legal holiday," he is incorrect.[3]

---

[2] I agree with Martin that I need not consider Labbadia's "excusable neglect" argument because the deadline for the notice of appeal in this case is jurisdictional—I cannot extend it for any reason. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in Rule 8002(a) is jurisdictional," and so "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect'").

[3] Although Labbadia does not point it out, the local rules of civil procedure say that "[a]ny weekday on which the Clerk's office is closed for the entire day shall be deemed a legal holiday for purposes of computing time under Fed. R. Civ. P. 6." *See* D. Conn. L. Civ. R. 6. However, that statement in the local rules of *civil* procedure

B. Clerk's Office Inaccessibility

The Bankruptcy Court *was* closed on Monday, July 6, 2020. *See Court Holidays and Closures*, U.S. Bankruptcy Court for the District of Connecticut, https://www.ctb.uscourts.gov/court-info/court-holidays (last visited Sept. 4, 2020). As noted above, "if the clerk's office is inaccessible . . . on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(3)(A). Thus, if the Bankruptcy Court's clerk's office was "inaccessible" on Monday, July 6, 2020, Labbadia's filing on Tuesday, July 7 would be timely.

Martin argues that, even though the "Bankruptcy Court itself was closed on July 6, 2020," that "does not mean that the clerk's office was inaccessible to Attorney Labbadia." Reply, Doc. No. 10, at 4. That is because Labbadia files "all pleadings electronically through the Bankruptcy Court's CM/ECF system." *Id.* And, although the Bankruptcy Court was closed on Monday, July 6, the Court explicitly noted that "CM/ECF will remain operational throughout the closures." *See Court Holidays and Closures*, U.S. Bankruptcy Court for the District of Connecticut, https://www.ctb.uscourts.gov/court-info/court-holidays (last visited Sept. 4, 2020). Labbadia does not address that argument.

Whether a clerk's office is "inaccessible" within the meaning of Fed. R. Bankr. P. 9006(a)(3) on a day (not a weekend or legal holiday) when the court is closed is a surprisingly open question. The Federal Rules of Bankruptcy Procedure do not define "inaccessible." *See*

---

offers Labbadia no help here. First, the Federal Rules of Bankruptcy Procedure govern. *See* Fed. R. Bankr. P. 9006(a); *In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014). Second, the local rules of bankruptcy procedure, which are the local rules that supplement the Federal Rules of Bankruptcy Procedure, are silent regarding the method for computing time under the Federal Rules of Bankruptcy Procedure.

Fed. R. Bankr. P. 9006(a)(3) advisory committee's note to 2009 amendment ("The rule does not attempt to define inaccessibility.  Rather, the concept will continue to develop through caselaw."); *see also* William G. Phelps, *When Is Office of Clerk of Court Inaccessible Due to Weather or Other Conditions for Purpose of Computing Time Period for Filing Papers under Rule 6(a) of Federal Rules of Civil Procedure*, 135 A.L.R. Fed. 259 (1996) ("In a number of cases, courts have had to determine what constitutes the clerk of a court being inaccessible within the meaning of these rules.").

I am aware that several courts have held that a clerk's office is not "inaccessible" just because the court is closed.  Those courts note that the concept of "inaccessibility" in Rule 9006(a)(3) regards instances in which the courthouse is physically inaccessible because of, for instance, a major weather event.  *See, e.g.*, *Domazet v. Willoughby Supply Co., Inc.*, 2015 WL 4205279, at *3 (N.D.N.Y. July 10, 2015) (citing *In re: Buckskin Realty Inc.*, 525 B.R. 4, 11–12 (Bankr. E.D.N.Y. 2015)).  Those courts also focus on the transformative effect of electronic filing.[4]  *See id.* (collecting cases); *see also In re Runkle*, 333 B.R. 734, 739 n.3 (Bankr. D. Md. 2005) (noting, in *dicta*, that "[f]iling by ECF ends the concept of the clerk's office being inaccessible on weekends and legal holidays").  In this case, the Bankruptcy Court made clear that—even though it was closed on Monday, July 6, 2020—CM/ECF would still be operational.  *See Court Holidays and Closures*, U.S. Bankruptcy Court for the District of Connecticut, https://www.ctb.uscourts.gov/court-info/court-holidays (last visited Sept. 4, 2020).

---

[4] Martin emphasizes this point.  The Federal Rules of Bankruptcy Procedure explain that in appeals to the district court, a document "must be sent electronically . . . unless it is being sent by or to an individual who is not represented by counsel or the court's governing rules permit or require mailing or other means of delivery."  Fed. R. Bankr. P. 8001(c).  Although Labbadia is technically a *pro se* party, he is an attorney.  Indeed, he filed his objection in this case through CM/ECF.  *See* Obj., Doc. No. 9, at 9 (certification of service).  The local rules of bankruptcy procedure also clearly favor electronic filing and indicate that "[f]ailure to file electronically, except as authorized in subsections (d) and (e) below, will result in the issuance of a Court's Motion to Dismiss or Strike, and may result in the eventual dismissal or striking of the non-compliant document."  D. Conn. Bankr. L. R. App'x A 1(c).

However, other courts hold that when a court is closed, the clerk's office is "inaccessible" for the purpose of computing time. *See, e.g.*, *In re Hellas Telecomms. (Luxembourg) II SCA*, 526 B.R. 499, 506 (Bankr. S.D.N.Y. 2015) (holding that because "the Court was closed" on the last day of a filing period, the "clerk's office was not accessible" on that date); *Hellman v. Weisberg*, 360 F. App'x 776, 777–78 (9th Cir. 2009) (explaining that, in the context of Federal Rule of Appellate Procedure 26(a)(3), a clerk's office is "inaccessible" when the "clerk's office was closed"); *In re Richards*, 148 B.R. 548, 549–50 (Bankr. N.D. Ill. 1993) (noting, in *dicta*, that "[i]naccessibility to the Clerk's office on the bar date, whether caused by flood, weekend or holiday, is sufficient to automatically extend the time period through the next work day").

Although I acknowledge the prevalence of electronic filing, I agree with courts that hold that a clerk's office is "inaccessible" on days when it (or the court entirely) is closed. There is nothing in the language of Rule 9006(a)(3) that compels a different result. Indeed, the advisory committee notes explicitly allow that "the concept [of 'inaccessibility'] will continue to develop through caselaw." Fed. R. Bankr. P. 9006(a)(3) advisory committee's note to 2009 amendment.

In my view, although some courts disagree,[5] the advisory committee notes do not indicate that the existence of electronic filing renders a clerk's office "accessible" whenever electronic filing is available. The advisory note to the 2009 amendment to Fed. R. Bankr. P. 9006(a)(3) explains:

> The text of the rule no longer refers to "weather or other conditions" as the reason for inaccessibility of the clerk's office. The reference to "weather" was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system.

Fed. R. Bankr. P. 9006(a)(3) advisory committee's note to 2009 amendment. Just because "inaccessibility" might occur when an electronic filing system is down does not prove the

[5] *See Miller v. City of Ithaca*, 2012 WL 1589249, at *3 (N.D.N.Y. May 4, 2012).

corollary: that anytime an electronic filing system is up, the clerk's office is accessible. If the drafters of the Bankruptcy Rules had intended that the clerk's office be deemed accessible whenever a filing can be made electronically, they could easily have said so. The fact that they did not suggests that the drafters understood that there are important services other than filing offered by the Bankruptcy Court's clerk's office (*e.g.*, providing forms, advice, and access to electronic or paper files); by the express language of the rule, when those services are not available to a litigant, time under the rule should not run.

There are good reasons for holding that a clerk's office is "inaccessible" on days when it is closed. For one, doing so comports with the plain language of Rule 9006(a)(3) because the clerk's office is physically inaccessible on those days, just as it is physically inaccessible in a weather emergency. Second, interpreting "inaccessible" such that a clerk's office is accessible on days when a court, and thus the clerk's office, is closed would lead to unnecessarily inequitable results, such as on the facts of this case. There is no reason to believe that Labbadia intentionally missed his filing deadline by one day. Indeed, it would be understandable for a party to believe that a clerk's office is "inaccessible" on a date when the relevant court is closed.[6] *Cf. Domazet*, 2015 WL 4205279, at *4 (noting the "arguable inequity in the decision reached here").

**IV. Conclusion**

For the foregoing reasons, Martin's motion to dismiss for lack of jurisdiction, doc. no. 6, is **denied**. As I have already explained, Labbadia's obligations under Fed. R. Bankr. P. 8009 are extended to 14 days from today. *See* Order, Doc. No. 8. Thus, Labbadia must make those filings by Friday, September 18.

[6] I recognize that Labbadia did not raise this argument in his objection, and so it is likely not the true reason why Labbadia filed one day late.

    So ordered.

Dated at Bridgeport, Connecticut, this 4th day of September 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge